UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                          )
**DON HAMRICK,**                          )
                                          )
       **Plaintiff,**      )
                                          )  Civil Action No. 10-857 (JDB)
       v.                  )
                                          )
**UNITED STATES, et al.,**                )
                                          )
       **Defendants.**     )
———————————————————————)

## MEMORANDUM OPINION

Don Hamrick, proceeding <u>pro se</u>,[1] has filed a 350-page complaint that asserts a variety of causes of action against the United States, "putative president Barack Obama," Chief Justice John Roberts, the director of the U.S. Marshals Service, the Secretary of the Department of Homeland Security, and the Commandant of the U.S. Coast Guard. The complaint includes, among other things, claims arising under the Second Amendment to the U.S. Constitution and the Civil RICO Act, 18 U.S.C. § 1964. Hamrick seeks damages of $14.4 million.

Federal Rule of Civil Procedure 8(a)(2) states that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of Rule 8(a)(2) is to give fair notice of the claim being asserted so that the defendant will have an

---

[1] Hamrick, purporting to proceed under 28 U.S.C. § 1916, has not paid fees or costs in this action. Section 1916 permits seamen to "institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." The Court need not determine whether this statute applies to Hamrick's complaint, as the Court concludes that the action should be dismissed <u>sua sponte</u>. <u>See</u> <u>Hamrick v. United States</u>, Civ. A. No. 08-1698 (D.D.C. Jan. 30, 2009) (Memorandum Opinion) (declining to evaluate the applicability of 28 U.S.C. § 1916 to another suit filed by Hamrick).

opportunity to file a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata applies.  See Conley v. Gibson, 355 U.S. 41, 47 (1957); Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977).

The Court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nonetheless, courts may dismiss an action sua sponte under Rule 8(a)(2) where the complaint sets forth "'a meandering, disorganized, prolix narrative'" or is "'so verbose, confused and redundant that its true substance, if any, is well disguised.'"  Hamrick v. United Nations, 2007 WL 3054817, at *1 (D.D.C. 2007) (quoting Brown, 75 F.R.D. at 499).  Hamrick's exceedingly lengthy complaint -- utterly confusing, and at times indecipherable -- easily meets these standards.  Accordingly, the Court will dismiss Hamrick's current complaint without prejudice, as has been done on other occasions.  See Hamrick v. United States, Civ. A. No. 08-1698 (dismissing complaint on identical grounds); Hamrick v. United Nations, 2007 WL 3054817 (same); Hamrick v. Brewer, Civ. A. No. 05-1993 (D.D.C. Oct. 20, 2005) (same).  The Court will also deny all pending motions as moot.

Hamrick may refile an amended complaint that cures the deficiencies identified above.  But "[i]f Mr. Hamrick files an amended complaint that merely recycles the Complaint presently before the Court it may be dismissed with prejudice."  Hamrick v. United Nations, 2007 WL 3054817, at *1.  A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Date: August 24, 2010