UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

DON HAMRICK,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

Civil Action No. 10-857 (JDB)

---

## MEMORANDUM OPINION

On August 24, 2010, this Court dismissed pro se plaintiff Don Hamrick's complaint for failure to comply with Fed. R. Civ. P. 8(a)(2). See Hamrick v. United States, Civ. A. No. 10-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010). Hamrick's 350-page complaint, which asserted a variety of claims against "putative President Barack Obama," Chief Justice John Roberts and other government officials under the Second Amendment and the Civil RICO Act, 18 U.S.C. § 1964, was so "utterly confusing, and at times indecipherable" that the Court found sua sponte dismissal to be warranted. Id. In its Memorandum Opinion, the Court explained that Hamrick could file an amended complaint curing his initial complaint's deficiencies, but it warned that "'[i]if Mr. Hamrick files an amended complaint that merely recycles the Complaint presently before the Court it may be dismissed with prejudice.'" See id. (quoting Hamrick v. United Nations, Civ. A. No. 07-1616, 2007 WL 3054817, at *1 (D.D.C. Oct. 19, 2007)).[1]

---

[1] Hamrick is no stranger to the courts. Over the past nine years, he has filed at least ten separate lawsuits before various judges of this Court, all of which have been dismissed. See, e.g., Hamrick v. Bush, Civ. A. No. 02-1435, Order [Docket Entry 12] (D.D.C. Oct. 10, 2002), aff'd, 63 Fed. Appx. 518 (D.C. Cir. 2003); Hamrick v. Brusseau, Civ. A. No. 02-1434, Order

On October 29, 2010, the Clerk's Office received Hamrick's new, 213-page "amended complaint under protest," which -- while somewhat shorter than his prior complaint -- merely reiterates his earlier, virtually unintelligible allegations.[2] Hamrick again appears to assert violations of his Second Amendment right to carry a firearm, but the precise basis of his claims remains unclear. He argues that, as a seaman, he should be exempt from having to pay filing fees to pursue this litigation by virtue of 28 U.S.C. § 1916, which permits seamen to "institute and prosecute suits and appeals in their own names and for their own benefit for . . . the enforcement

---

[Docket Entry 17] (D.D.C. Jan. 24, 2003), *appeal dismissed*, No. 05-5414 (D.C. Cir. Dec. 27, 2005); Hamrick v. Bush, Civ. A. No. 03-2160, Order [Docket Entry 90] (D.D.C. Feb. 20, 2007); Hamrick v. Gottlieb, 416 F. Supp. 2d 1, 2 (D.D.C. 2005); Hamrick v. United States, Misc. No. 04-422, Order [Docket Entry 13] (D.D.C. Feb. 21, 2007); Hamrick v. Hoffman, 550 F. Supp. 2d 8, 17 (D.D.C. 2008). Three other judges of this Court have dismissed complaints filed by Hamrick sua sponte for failure to comply with Fed. R. Civ. P. 8(a)(2). See Hamrick v. United States, Civ. A. No. 08-1698, Mem. Op. [Docket Entry 15] (D.D.C. Jan. 30, 2009), *appeal dismissed*, No. 09-5102 (D.C. Cir. July 10, 2009); Hamrick v. United Nations, Civ. A. No. 07-1616, 2007 WL 3054817, at *1 (D.D.C. Oct. 19, 2007); Hamrick v. Brewer, Civ. A. No. 05-1993, Mem. Op. [Docket Entry 4] (D.D.C. Oct. 20, 2005), *appeal dismissed*, No. 05-5429 (D.C. Cir. May 18, 2006).

[2] Along with his "amended complaint under protest," plaintiff submitted several "demands" and "notices" for filing, including a "Demand for [a] Court Order Reimbursing Filing Fees and PACER Docket Access Fees"; a "Demand for [a] Court Appointed Civil Gideon Attorney Competent in Constitutional Law, Admiralty/Maritime Law, and Human Rights Law"; a copy of an order issued by a District Court in the Western District of North Carolina in another one of plaintiff's cases; a "Demand to Have This Case Assigned to a Judge from Another District"; a "Notice of Designation of Related Civil Cases Not Pending in This or Any Other United States Court"; a "Demand for [a] Court Order Affirming [Plaintiff's] Right to Make [a] Citizen's Arrest" of Chief Justice Roberts; and a "Demand for Immediate Service of Summons and Complaint by U.S. Marshals Service" (capitalization and emphasis omitted). Because the Court finds that Hamrick's amended complaint fails to comport with the requirements of Fed. R. Civ. P. 8(a)(2), it will not permit plaintiff's various "demands" and "notices" to be filed, as they are all now moot. Nor will the Court permit the filing of the seven (7) copies of plaintiff's complaint, which he provided for the U.S. Marshals Service to serve on the U.S. Attorney General, the U.S. Attorney for D.C., Chief Justice Roberts, the Director of the U.S. Marshals Service, the Secretary of the U.S. Department of Transportation, the Secretary of Homeland Security, and the Commandant of the U.S. Coast Guard.

of laws enacted for their health or safety." In other litigation initiated by Hamrick, several courts, including the D.C. Circuit and the U.S. Supreme Court, have denied Hamrick's request to proceed as a seaman under 28 U.S.C. § 1916 and have ordered him to pay the requisite filing fees. See, e.g., Hamrick v. Bush, 552 U.S. 1060 (2007); Hamrick v. Bush, 543 U.S. 1185 (2005); Hamrick v. Bush, No. 04-5316 (D.C. Cir. Mar. 11, 2005). Because Chief Justice Roberts was a member of both the D.C. Circuit panel and the Supreme Court that required Hamrick to pay filing fees, Hamrick claims that the Chief Justice has "committed acts [of] extortion of fiuling [sic] fees under color of law in violation of 28 U.S.C. § 1916 and obstructions of justice." See Am. Compl. at 123 (capitalization omitted). Hamrick further maintains that the repeated dismissals of his prior complaints by judges of this Court are the result of "bias and anti-Second Amendment political ideology because this Court and the DC Circuit are reputed to be hostile not only to the Second Amendment but also to *pro se* civil plaintifes [sic] . . . ." Am. Compl. at 98. Plaintiff demands that the undersigned judge recuse himself on grounds of "political bias"; that the Court engage in "de novo" review of his previously-dismissed complaints from 2002; that plaintiff be allowed to exercise his "common law right" to make a citizen's arrest of various federal judges and court personnel; and that he be awarded more than $20 million in damages for his alleged wrongful detention by the U.S. Coast Guard in 2002 and for "8-years of Obstructions of Justice and Extortions of Filing Fees by the Federal Courts," id. at 187.

Rather than require defendants to waste unnecessary time and resources attempting to respond to plaintiff's plethora of nearly incomprehensible claims, the Court will, once again, exercise its authority under Rule 41(b) to dismiss plaintiff's complaint sua sponte. See Fed. R. Civ. P. 41(b); Ciralsky v. CIA, 355 F.3d 661, 669 (D.C. Cir. 2004); Hamrick, 2007 WL 3054817,

at *1. As this Court previously explained, Rule 8(a)(2) requires every complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Hamrick, 2010 WL 3324721, at *1. Pointing to the heightened pleading standards for fraud under Fed. R. Civ. P. 9(b), and the fact that claims can be plead in the alternative under Fed. R. Civ. P. 8(d)(2), Hamrick argues that "Rule 8(a)(2)'s Short and Plain Statements of the Claims is NOT the Only Method to State Claims." Am. Compl. at iv. Not so. All complaints must comply with Rule 8(a)(2). The fact that fraud claims must also comply with the higher pleading standards of Rule 9(b), and that plaintiffs are allowed to plead in the alternative under Rule 8(d)(2), has no bearing on whether plaintiff has met his threshold obligation under Rule 8(a)(2) to make a "short and plain statement" of his claim.

     Dismissal of plaintiff's complaint is consistent with the purpose of Rule 8(a)(2). The Rule is designed to ensure "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." See Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, it appears that plaintiff seeks to re-litigate claims that have already been decided by courts in this Circuit. Compare Hamrick, Civ. A. No. 02-1435, Mem. Op. at 1 (D.D.C. Oct. 10, 2002) (dismissing plaintiff's request to compel the U.S. Coast Guard to approve his application for a "National Open Carry Handgun" endorsement on his Merchant Marine document), *aff'd*, 63 Fed. Appx. 518 (D.C. Cir. 2003), with Am. Compl. at 171 (arguing that the Commandant of the U.S. Coast Guard "wrongfully den[ied] [plaintiff's] application for Second Amendment rights in the form of an endorsement for National Open Carry Handgun"). Yet given the virtually undecipherable nature of plaintiff's allegations, it would be near-impossible

for defendants to determine whether plaintiff's current lawsuit actually involves "the same claims or cause[s] of action" as any of his prior cases. See Smalls v. United States, 471 F.3d 186, 192 (D.C. Cir. 2006) (explaining that under the doctrine of res judicata, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction").

To be sure, dismissal under Rule 8(a)(2) "'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" Ciralsky, 355 F.3d at 670 n.9 (quoting Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)). But plaintiff's amended complaint -- like his initial complaint -- easily satisfies this standard. Moreover, because plaintiff's amended complaint merely "recycles" the allegations set forth in his first complaint, the Court will, consistent with its prior warning, dismiss plaintiff's amended complaint with prejudice. A separate Order accompanies this Memorandum Opinion.

/s/
JOHN D. BATES
United States District Judge

Date: April 7, 2011